IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KATRINA HAMILTON,**

       **Plaintiff,**

                                        **Civil Action 2:12-cv-02**

    **v.**                                  **Judge George C. Smith**

                                        **Magistrate Judge Elizabeth P. Deavers**


**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**


**OPINION AND ORDER**

Plaintiff, Katrina Hamilton, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security  ("Commissioner") denying her applications for social security disability insurance benefits, supplemental security income, and child disability benefits.  This matter is before the Court for consideration of the February 22, 2013 Report and Recommendation of the United States Magistrate Judge (ECF No. 17), Plaintiff's Objections to the Report and Recommendation (ECF No. 18), and the Commissioner's Response to Plaintiff's Objections (ECF No. 19).  For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, the Commissioner's decision is **AFFIRMED**.

**I.**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner or agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

2

## II.

Plaintiff, in her Statement of Errors, challenged the administrative law judge's ("ALJ")

evaluation and weighing of the opinion of her treating psychiatrist, Dr. Gates.[1]  After

summarizing the hearing testimony, medical records, administrative decision, standards

governing the review of an ALJ's decision, and the standards governing an ALJ's consideration

of a treating physician's opinion, the Magistrate Judge rejected Plaintiff's assertion that the ALJ

had failed to provide adequate reasons for his dismissal of Dr. Gates' June 2009 and August

2009 assessments.  She reasoned as follows:

> The Undersigned finds no error in the ALJ's consideration and weighing of
> Dr. Gates' assessments.  The ALJ acknowledged that Dr. Gates is a treating
> physician. (R. at 24, 26.)  He further acknowledged Dr. Gates' "long-time
> relationship with [Plaintiff]" and summarized his treatment of her.  (R. at 23-27.)
> For example, the ALJ noted that Dr. Gates' treatment records revealed that Plaintiff's
> symptoms varied depending on the circumstances of her life such as her relationship
> status with her boyfriend and mother and the results of her applications to colleges.
> (R. at 24-26.)  He also noted that Plaintiff sometimes stopped taking her medications
> because she felt better without them and that she relied on marijuana to self-
> medicate. (R. at 24-25.)  He further acknowledged Dr. Gates' frequent reports that
> Plaintiff's medication was effective in relieving her depression.  (*Id*.)  The ALJ
> specifically considered Dr. Gates' June 2009 and August 2009 opinions, but
> accorded them "little weight." (R. at 26.) He likewise considered Dr. Gates' finding
> of disability, but rejected it, explaining that "his assessment that [Plaintiff] is
> disabled is an issue reserved to the Commissioner."  (*Id*.)
>
> The ALJ then offered reasons for his assessment of Dr. Gates' opinions.
> Specifically, the ALJ pointed out "the lack of objective evidence to support
> [Plaintiff's] allegations" and then asserted that "[a]s a whole, Dr. Gates' assessments
> appear to be based on [Plaintiff's] subjective reports and complaints, which are found
> to be only partially credible."  (R. at 26.)  The ALJ further reasoned that Dr. Gates'

---

[1]Plaintiff also challenged the ALJ's evaluation of Plaintiff's pain.  Plaintiff, however, did
not challenge the Magistrate Judge's consideration of this contention of error.  Further, the Court
finds the Magistrate Judge's analysis and conclusion that the ALJ did not err in his assessment of
Plaintiff's credibility concerning her complaints of pain to be correct.  Thus, it is unnecessary to
incorporate a thorough discussion on this issue.

opinions are inconsistent with the record and his own treatment notes. (*Id*.) By way of example, the ALJ s stated that the social limitations that Dr. Gates' opined are inconsistent with Plaintiff's "school records and self-reports, [which] indicate[] that she performed well in social interaction situations." (*Id*.) The ALJ also found the revisions in Dr. Gates' August 2009 opinion to conflict with his treatment notes: "In August 2009, Dr. Gates revised his statement, reducing the claimant's abilities in all categories, despite the improvement he noted in the treatment records and reports during this period." (*Id*.) The ALJ assigned Dr. Halas' assessment "greater weight," explaining that his opinion "is more consistent with the totality of evidence and is based on his expertise and experience. (*Id*.)

Plaintiff asserts that the foregoing reasons "are not sufficiently specific." (Pl.'s Statement of Errors 17, ECF No. 14.) Plaintiff explains that the ALJ's failure to reference specific page/exhibit numbers "does not allow for an adequate review of the ALJ's reasoning." (*Id*.) She adds that "it is unclear what evidence the ALJ relied upon in finding [her] condition had improved." (*Id*.) The Undersigned disagrees.

The Undersigned concludes that ALJ's proffered reasons satisfy *Wilson's* procedural requirements and are supported by substantial evidence. *See* 378 F.3d at 544. The ALJ's findings that Dr. Gates' opinions were inconsistent with the record evidence and in conflict with his own treatment notes likewise constitute legally sufficient reasons to discount his opinion. *See* 20 C.F.R. § 404.1527(d)(3) (identifying "consistency" with the record as a whole and "supportability" as relevant considerations). The ALJ's failure to include page/exhibit numbers did not render his proffered reasons inadequate. Further, he clearly states that Dr. Gates' own treatment records and reports reflect that Plaintiff improved between his June 2009 and August 2009 assessments even though Dr. Gates, in his revised August 2009 assessment, opined that her condition had significantly worsened. In June 2009, Dr. Gates found either good or fair abilities in eighteen out of twenty-one work-related mental functions. (R. at 602-03.) The form defines "fair" as "moderately limited but not precluded . . . [m]ay need special consideration." Consistent with the ALJ's assertion, in Dr. Gates' revised August 2009 opinion, he found that Plaintiff had fair ability in six out of twenty-one work-related mental functions and poor abilities in the remaining fifteen. (R. at 708-09.) Dr. Gates failed to provide an explanation for either his June or August 2009 opinions. His treatment notes, which primarily consist of narrative recitations or Plaintiff's reported symptoms, likewise fail to offer any support for his revised assessment. *See Beverly v. Astrue*, No. 1:11-cv-41, 2012 WL 395081, at *7 (S.D. Ohio Feb. 7, 2012) (finding that the ALJ reasonably discounted psychiatrist's opinion where his "treatment notes generally relate[d] to changes in [the claimant's] personal and family life . . . and fail to include evidence or clinical findings). For example, in July 2009, Plaintiff reported primarily somatic complaints and that she was "stressed out financially," but "receiving some benefit" from her medications. (R. at 667.) Nurse Phelps

4

described Plaintiff as "future and goal oriented." (R. at 666, 663.)  On August 11, 2009, the day Dr. Gates rendered his opinion, Plaintiff reported having conflicts with her boyfriend and expressed her desire to return to college as soon as possible.  Dr. Gates' notes reflect that Plaintiff's other complaints were somatic in nature. (R. at 661.)  Dr. Gates' treatment notes also fail to support his internally inconsistent opinion that Plaintiff is better able to "understand, remember, and carry out *complex* job instructions" than to "understand, remember, and carry out *simple* job instructions."  (R. at 603 (emphasis added).)  Finally, the ALJ correctly did not accord Dr. Gates' disability finding "any special significance" given that such a finding is reserved for the Commissioner.  20 C.F.R. § 404.1527(e); *Bass*, 499 F.3d at 511.

In sum, the Undersigned rejects Plaintiff's contention that the ALJ failed to provide any substantive basis for dismissing Dr. Gates' opinions.  Notably, the ALJ recognized that Plaintiff had work-related mental limitations, including moderate limitations in her ability to maintain concentration, persistence, or pace and in her social functioning.  Plaintiff identified her worst problems as fibromyalgia, depression, and anxiety. (R. at 81.)  Consistently, the ALJ accommodated these limitations within his RFC determination, restricting Plaintiff to only occasional contact with others and only simple, routine, repetitive one-or-two-step tasks. (R. at 22.)  These accommodations are consistent with the record evidence relating to Plaintiff's medical treatment and activities of daily living and are supported by the medical opinions of Drs. Halas, Haskins, and Castro.  Further, these accommodations address the "biggest problems" Plaintiff attributes to her anxiety and depression. (*See* R. at 90-91 (testifying that her "biggest problem" attributable to her anxiety is "not wanting to be around people" and that her "depression makes it really hard to concentrate, especially in class.").)

(Feb. 22, 2013 Report & Rec. 26–30.)  The Magistrate Judge further noted that Dr. Gates'

treatment notes subsequent to his August 2009 opinion did not support his apparent contention

that Plaintiff's condition was worsening:

Further, Dr. Gates' treatment records dated after he rendered his revised August 2009 opinion likewise do not support his conclusion that Plaintiff's condition was worsening. (*See e.g.*, R. at 681-83 (Plaintiff cancelled therapy appointments and reported that she had returned to college and that "things are good right now"); R. at 657 (Dr. Gates noted that Plaintiff expressed her desire to have her own place and attend college and agreed that this "would be most beneficial"); R. at 659 (Nurse Kozlowski described Plaintiff's affect as "pleasant, willing, appropriate" and noted that Plaintiff "enjoys making schedules and maintaining a filled routine of things to keep busy"); R. at 679 (Dr. Gates noted "her medicines are working reasonably

well"); R. at 674 (Dr. Gates noted that Plaintiff "seems to be handling extraordinary stressors in a reasonable fashion"); R. at 670 (Gates reported that "[o]verall, [Plaintiff] seems to be functioning at a higher level with optimism towards the future and should be able to start back to school in the next few weeks").)

(*Id*. at 29 n.4.)  The Magistrate Judge also noted in a footnote that in her Statement of Errors,

Plaintiff had mischaracterized one of Dr. Gates' findings in his June 2009 assessment:

> Plaintiff incorrectly posits that Dr. Gates, in his June 2009 assessment, found that she "lacked the ability to sustain concentration necessary for basic work demands." (Pl.'s Statement of Errors 12, ECF No. 14.)  Rather, Dr. Gates opined that Plaintiff had "good" ability to "[m]aintain attention and concentration for extended periods of 2 hour segments."  (R. at 602.)

(*Id*. at 28 n. 3.)

In her Objections, Plaintiff challenges the Magistrate Judge's analysis concerning the ALJ's consideration of Dr. Gates' assessments.  Plaintiff first posits that the Magistrate Judge's analysis is flawed because she failed to consider phone calls Plaintiff made to Nurse Phelps in July 2009.  Plaintiff submits that these phone calls demonstrate that her condition had worsened and speculates that Dr. Gates would have been aware of these phone calls because he worked at the same facility as Nurse Phelps.  Plaintiff also posits that the Magistrate Judge's analysis is flawed because she failed to acknowledge that Dr. Gates found Plaintiff to have a poor ability to complete a normal workday and work week without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods.  Plaintiff concludes that if the Magistrate Judge had properly considered the evidence of record, she would have reversed and remanded this case to the Commissioner.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.  As a preliminary matter, the Court adopts and incorporates by reference the Magistrate Judge's summarization of the hearing testimony, medical records, and

6

administrative decision as well as her recitation of the standards governing the review of an

ALJ's decision and consideration of a treating physician's opinion.

The Court finds Plaintiff's first objection to be without merit for several reasons.  First,

the Magistrate Judge's Report and Recommendation reflects that she *did* consider Plaintiff's

treatment in July 2009, including her interactions with Nurse Phelps during this time.  (*See* Feb.

22, 2013 Report & Rec. 28–29 (citing R. at 663–67).)  Second, beyond her speculation, Plaintiff

offers no evidence demonstrating that Dr. Gates relied upon two phone conversations Plaintiff

had with Nurse Phelps to support his revisions.  Regardless, Nurse Phelps' progress notes from

these conversations, alone, would not support his revised assessment.  (*See* R. at 663, 666, and

669 (describing Plaintiff as feeling overwhelmed and anxious attributable to financial stress and

conflict with her boyfriend, but presenting as "future and goal oriented" and noting that Plaintiff

failed to follow up with an individual counselor and had declined Nurse Phelps' offers to aid her

in obtaining community resources that could assist her financial and housing situation).  Third,

Dr. Gates treated Plaintiff between his assessments.  His notes do not reflect that he had

determined that her mental condition had deteriorated.  Rather, as the Magistrate Judge noted,

Dr. Gates' July 2009 treatment notes primarily consist of narrative recitations of Plaintiff's

reported symptoms, including her somatic complaints and her assertions that she was "stressed

out financially," but "receiving some benefit" from her medications.  (*See* R. at 667.)  Finally,

Plaintiff has failed to challenge the numerous other reasons that the ALJ offered for discounting

Dr. Gates' assessments and which the Magistrate Judge concluded constituted good reasons

supported by substantial evidence.

The Court finds Plaintiff's second objection to be equally without merit.  Again, contrary to Plaintiff's assertion, the Magistrate Judge *did* consider Dr. Gates' June 2009 assessment in its entirety, including Dr. Gates' opinion that Plaintiff had "poor" abilities to understand, remember, and carry out simple instructions; to complete a normal workday or work week due to psychologically based symptoms; and to deal with work stresses.  (*See* Feb. 22, 2013 Report & Rec. 17–18 (citing R. at 602–03).)  Further, nothing in the Magistrate Judge's footnote is incorrect—Dr. Gates did, in fact, opine that Plaintiff had "good" ability to "[m]aintain attention and concentration for extended periods of 2 hour segments."  (R. at 602.)  Finally, this objection, like Plaintiff's first objection, fails to address the numerous other reasons that the ALJ offered for discounting Dr. Gates' assessments and which the Magistrate Judge concluded constituted good reasons supported by substantial evidence.

### III.

In sum, having conducted a *de novo* review, the Court finds Plaintiff's Objections to be without merit and the reasoning and analysis of the Magistrate Judge to be correct.  Accordingly, Plaintiff's Objections (ECF No. 18) are **OVERRULED**; the Report and Recommendation (ECF No. 17) is **ADOPTED**; and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**